THE HONORABLE EDWARD F. SHEA

Scott C. G. Blankenship, WSBA No. 21431
Richard E. Goldsworthy, WSBA No. 40684
The Blankenship Law Firm, P.S.
1000 Second Ave., Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email: sblankenship@blankenshiplawfirm.com
       rgoldsworthy@blankenshiplawfirm.com
*Attorneys for Plaintiff Isaac Butts*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| ISAAC BUTTS,<br><br>                    Plaintiff,<br><br>       v.<br><br>COLUMBIA ENERGY &<br>ENVIRONMENTAL SERVICES, INC.,<br><br>                    Defendant. | Case No. 2:13-cv-05060-EFS<br><br>STIPULATED (~~PROPOSED~~)<br>PROTECTIVE ORDER |

## I. PROTECTIVE ORDER

**1. Scope and Purpose of This Order:** This Protective Order shall govern the designation and handling of protected documents produced by any Party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any Party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature. If a designating Party files a "confidential" document (defined below) in court and does not attempt to file it under seal, or if a document is otherwise already part of the public record as of the entry of this Order, the document(s) in question will not be subject to this Protective Order. The mere filing of the "confidential" document by the non-designating Party does not remove the document from the protection of this order. Although it is anticipated that the Parties filing documents will comply with the terms of this Protective Order, if a non-designating Party files a document marked "confidential" by the non-filing Party, the non-filing Party may seek appropriate relief from the Court to ensure protection under this order.

**2.    "Confidential Material" includes:**

a.    Personnel records pertaining to any current or former employee of Defendant Columbia Energy & Environmental Services, Inc. (hereafter "Columbia Energy") that contain personal, payroll or financial information. Good cause exists to protect the privacy rights of Columbia Energy's current and former employees who are not Parties to this litigation. These files include these individuals' personal identifying information and financial account information. No public interest is served by requiring public disclosure of an individual's private and personal information in a matter in which he or she is not a Party.

b.    Good cause exists to protect Columbia Energy's confidential and proprietary business information, which provides it with a business advantage over its competitors. To the extent the documents relate to matters that Columbia Energy takes significant steps to protect in its daily operations, including through the use of non-disclosure and confidentiality agreements with its employees, such information can be designated as confidential. No public interest is served by requiring Columbia Energy to disclose information it strives to maintain confidential and proprietary in its business operations and which would harm its business operations if disclosed.

   **c.** Medical records and healthcare information pertaining to Plaintiff to the extent the information is discoverable. Good cause exists to protect the highly sensitive and private nature of Plaintiff's medical records from non-Party access, and how that treatment affected him to the extent such information even exists. No public interest is served by making any medical records of Isaac Butts publicly available.

   **d.** Financial records of the Parties, including payroll records and other records reflecting wealth or earnings. Good cause exists to protect private financial records from non-Party access. No public interest is served by these records publicly available.

  **3.** **Standard for Protected Documents:** Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes "Confidential Material" as defined above.

  **4.** **Protected Documents:** Protected document(s) are those that contain "Confidential Material" as defined above, and are marked "CONFIDENTIAL" by any Party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of

(~~PROPOSED~~) PROTECTIVE ORDER (Case No. 2:13-cv-05060-EFS), Page 4

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Ave., Suite 3250
Seattle, WA 98104
(206) 343-2700

this case, and will not be used by any Party or his or her counsel for any purpose unrelated to this case.

**5.     Designating Protected Documents:**

a.      **Marking Protected Documents:**  Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner. Any records received from third parties by stipulation or through the discovery provisions of the Federal Rules of Civil Procedure that would in the good faith belief of Counsel constitute protected material can be designated by a Party as  "Confidential Materials" as defined herein if such request is made reasonably promptly by letter.

b.      **Designating Deposition Testimony:**  Any Party who has designated a document as protected pursuant to Paragraph 2 of this Protective Order may designate testimony concerning  that document as "Confidential Information" as a deposition by making a statement to that effect on the record at the deposition or other proceeding. When Confidential Information is designated on the record at a deposition, the Party claiming the testimony is confidential shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Ave., Suite 3250
Seattle, WA  98104
(206) 343-2700

"Confidential" and to separately bind such pages as "Confidential." Absent stipulation of the Parties on the record at the deposition, it is subject to dispute as set forth in Paragraph 9.

      c.    **Subsequent Designation:** If a Party discovers that, through inadvertence, documents containing Confidential Information have been provided to the opposing Party without being properly designated under this Order, the producing Party shall promptly notify the receiving Party in writing of the error. The notification shall include an identification of the documents or information (by control number or some other specific form of identification), and the receiving Party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

    **6.**    **Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

**7.    Disclosure of Protected Documents:**

    **a.**    Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliances with this Protective Order.

    **b.**    The Parties' counsel shall require all persons, except those referred to in paragraph 7(c)(i), (ii), (iii), (v), (vi), (viii), and (ix), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

    **c.**    Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

    **(i)** Counsel representing the named Parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

    **(ii)** Any copying services hired by counsel to copy documents in bulk;

    **(iii)** The Court or any Court personnel;

    **(iv)** Any person testifying, attending a deposition, designated as a witness, or scheduled for a deposition who is not a Party or employee of a Party;

    **(v)** Any person identified as having authored or having previously received the protected document(s);

    **(vi)** The Parties and their client representatives, insurance carriers, and\or counsel for their insurance carriers for any purpose in this litigation;

    **(vii)** Current or former employees or agents that a Party deems necessary to the presentation or defense of claims in this litigation;

    **(viii)** A Mediator(s) retained by the Parties; or

    **(ix)** Consulting experts or expert witnesses whose review a Party deems necessary to the presentation or defense of claims in this litigation.

  **d.** A Party that files with the Court materials designated as Confidential Information under Section 2 or any pleading or memorandum purporting to reproduce such information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal, pursuant to Local Rule 7.1.

e.  This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure, and except for good cause shown, such information need not be filed under seal when submitted to the Court.

**8.  Producing Party's Use of Protected Documents:**  Nothing in this Protective Order limits a producing Party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any other documents that are subject to confidential designation made under the terms of this Protective Order.

**9.  Disputes as to Confidentiality Designation:**

a.  **Meet and Confer Requirement:**  The Parties agree to designate information as "Confidential" on a good faith basis and not for purposes or harassing the receiving Party's access to information concerning the lawsuit. If any Party believes that a document, tangible item or other information that has been designated as Confidential is not entitled to be treated as Confidential, the Party will notify the designating Party of its objection to the Confidential designation. The Parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information

within five (5) business days after the objecting Party has provided written notice to the designating Party of its objection.

      **b.**    **Motion for Protective Order:** If the objection is not resolved, and if the objecting Party notifies the designating Party in writing of its intent to disclose the information, then the designating Party shall have five (5) business days after receipt of such written notification to file a motion to have the document or information treated as Confidential; if such motion is not timely filed, then the objecting Party may, for purposes of this case only, make the indicated disclosure.

      **c.**    **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a Court order ruling otherwise.

    **10.**    **Rights of Parties:** This Protective Order is without prejudice to the right of any Party to apply to the court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

1  DATED this __3rd__ day of __October_____, 20_13_.

3
                                        _____s/ Edward F. Shea_____
4                                THE HONORABLE EDWARD F. SHEA
                              United States District Court Judge

7  PRESENTED BY:

8  By: _s/ Keller W. Allen_____
     Keller W. Allen, WSBA No. 18794
9    Law Firm of Keller W. Allen, P.C.
     Ben Burr Building
10   5915 S. Regal, Suite 211
     Spokane, WA 99223
11   Telephone: (509) 777-2211
     Fax: (509) 777-2215
12   Email: kwa@kellerallen.com

*Attorneys for Defendant Columbia Energy & Environmental Services, Inc.*

17  By: _s/ Scott C. G. Blankenship_____
     Scott C. G. Blankenship, WSBA No. 21431
     Richard E. Goldsworthy, WSBA No. 40684
18   The Blankenship Law Firm, P.S.
     1000 Second Avenue, Suite 3250
19   Seattle, WA 98104
     Telephone: (206) 343-2700
20   Fax: (206) 343-2704
     Email: sblankenship@blankenshiplawfirm.com
21            rgoldsworthy@blankenshiplawfirm.com

*Attorneys for Plaintiff Isaac Butts*

(~~PROPOSED~~) PROTECTIVE ORDER (Case No. 2:13-cv-05060-EFS), Page 11

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Ave., Suite 3250
Seattle, WA  98104
(206) 343-2700

# EXHIBIT A

I, _____, certify that I have received and read a copy of the Protective Order in *Isaac Butts v. Columbia Energy & Environmental Services, Inc.,* United States District Court, Eastern District of Washington, 2:13-cv-05060-EFS. I agree to be bound by it. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

DATED this _____ day of _____, 20___, in _____, Washington.

_____

(PROPOSED) PROTECTIVE ORDER (Case No. 2:13-cv-05060-EFS), Page 12

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Ave., Suite 3250
Seattle, WA 98104
(206) 343-2700

# CERTIFICATE OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I mailed or caused delivery and/or electronically filed a true copy of this document, which will send notification of such filing, to the following persons:

Keller W. Allen, Esq.
Law Firm of Keller W. Allen, P.C.
Ben Burr Building
5915 S. Regal St., Ste. 211
Spokane, WA 99223
Telephone: (509) 777-2211
Facsimile: (509) 777-2215
Email: kwa@kellerallen.com

*Attorney for Defendant Columbia Energy & Environmental Services, Inc.*

DATED this 18th day of September, 2013, at Seattle, Washington.

*[signature]*
LISA MCGREENERY
Paralegal

JOINT CERTIFICATE AND PROPOSED DISCOVERY PLAN (Case No. 2:13-cv-05060-EFS) - Page 9

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Ave., Suite 3250
Seattle, WA 98104
(206) 343-2700